# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER L. ELDER, ) | |
| Movant, ) | |
| vs. ) | No. 13-0680-CV-W-FJG |
| UNITED STATES OF AMERICA, ) | Crim. No. 08-0026-04-CR-W-FJG |
| Respondent. ) | |

## ORDER

Pending before this Court is movant's amended motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. No. 3, filed on August 1, 2013). The Court finds that it has jurisdiction over this matter. Also pending before the Court is movant's motion for extension of time to file reply suggestions (Doc. No. 10). As an initial matter, movant's motion for extension of time (Doc. No. 10) will be **GRANTED**, and the Court will treat movant's reply suggestions (Doc. No. 11) as timely filed.

## BACKGROUND

Following a jury trial, on June 30, 2010, movant was convicted of nine counts, including conspiracy to distribute and possess with intent to distribute controlled substances, including but not limited to hydrocodone, alprazolam, and promethazine with codeine, other than for a legitimate medical purpose and not in the usual course of professional practice, in violation of 21 U.S.C. § 841(a)(1), as well as eight separate counts of aiding and abetting distribution of the aforementioned controlled substances in specific instances. On May 3, 2011, movant was sentenced to 15 months imprisonment on each count, to be served concurrently. The Court also entered a joint and severable forfeiture judgment of $991,114. Movant timely appealed his conviction to the Eighth Circuit, and on July 2, 2012, the Eighth Circuit issued an opinion affirming this Court's decision and rulings. United States v. Elder, 682 F.3d 1065 (8th Cir. 2012). Movant has served his sentence of imprisonment, and is currently on supervised release.

Movant asserts three grounds for relief: (1) the evidence presented at trial was insufficient to support a conviction, in that the evidence did not demonstrate that he

"breached the national medical standards"; (2) the evidence was insufficient to support a conviction in that the jury was not properly instructed as to "good faith"; and (3) the forfeiture order was improper.

## STANDARD

A motion under 28 U.S.C. § 2255 may present a collateral attack to a sentence under the following grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. Hill v. United States, 368 U.S.. 424, 426-27 (1962); 28 U.S.C. § 2255(a). A § 2255 motion is not a substitute for direct appeal, and is not designed for complaints regarding simple trial errors. Poor Thunder v. United States, 810 F.2d 817, 821 (8th Cir. 1987).

## JUDGMENT

The Court has reviewed movant's motion (Doc. No. 1), movant's amended motion (Doc. No. 3), movant's exhibit (Doc. No. 5), respondent's opposition (Doc. No. 6), and the record in the underlying criminal case, and finds that movant's allegations are without merit for the reasons stated in respondent's opposition. None of the issues raised are cognizable in a § 2255 action. In particular, the Court finds that (1) movant's claims regarding the sufficiency of the evidence are not subject to collateral attack (Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994)); (2) movant's claims regarding jury instructions are not subject to collateral attack (Houser v. United States, 508 F.2d 509, 515-16 (8th Cir. 1974)); (3) the Eighth Circuit determined on direct appeal that the evidence in this case was sufficient to support a conviction, and affirmed the forfeiture order; and (4) forfeiture orders are not cognizable in § 2255 as they do not raise issues related to custody (United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003)).

Additionally, movant claims in his reply brief (Doc. No. 11) that appellate counsel (Dennis Owens) was ineffective. See Doc. No. 11, p. 5. His argument is not that

Owens failed to raise the issues presented in this Section 2255 motion; instead, movant's complaint is that Mr. Owens did not communicate with him enough and did not present the issues on appeal in a "comprehensive or compelling" manner. Id. The Court cannot find, given the limited and non-specific complaints presented regarding Mr. Owens' performance, that counsel's performance was deficient and that the deficient performance prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1994). To establish prejudice, petitioner must demonstrate a reasonable probability that the result of the proceeding would have been different absent counsel's error. Id. at 694. Movant has not established that the result of his appeal would have been different had Mr. Owens presented the material in a more comprehensive or compelling fashion.

Therefore, movant's amended motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 3), filed August 1, 2013, is **DENIED**.

No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record. Furthermore, movant will be denied a motion for certificate of appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently.

**IT IS SO ORDERED.**

    /s/Fernando J. Gaitan, Jr.
Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated: November 12, 2013
Kansas City, Missouri